IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

TIMOTHY A. DULANEY,

        Plaintiff,                             CV-10-1389-SU

     v.                                      FINDINGS AND
                                            RECOMMENDATION
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

SULLIVAN, Magistrate Judge:

       Timothy Dulaney ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Title XVI supplemental security income (SSI) disability benefits under the Act. For the reasons set forth below, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

Page 1 - FINDINGS AND RECOMMENDATION

**PROCEDURAL BACKGROUND**

On April 20, 2007, plaintiff protectively filed an application for SSI. Tr. 34, 148-50. After the application was denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge ("ALJ"). Tr. 137-144. On February 16, 2010, an ALJ hearing was held before the Honorable Catherine R. Lazuran. Tr. 31-72. On May 28, 2010, ALJ Lazuran issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 10-18. After the Appeals Council declined to review the ALJ decision on September 9, 2010, plaintiff filed a complaint in this Court. Tr. 1-3.

**FACTUAL BACKGROUND**

Born on November 14, 1973, plaintiff was 30 years old on the alleged onset date of disability and 36 years old at the time of the hearing. Tr. 36, 148. Plaintiff dropped out of high school in the eleventh grade but later received his GED. Tr. 37. Plaintiff has past relevant work experience as a tire recycler, fast food worker, production helper and gas station attendant. Tr. 65-66. He alleges disability beginning February 5, 2004 due to degenerative joint disease, obesity, anxiety, and a mood disorder, with a history of drug abuse. Tr. 12.

A vocational expert ("VE") testified at the hearing. Tr. 65-71. The VE opined that there were sedentary or light exertion jobs available in the local economy which plaintiff could perform based on the limitations set forth in the residual functional capacity ("RFC") assessment. Tr. 68-70. However, when asked to assume that plaintiff's testimony relative to his limitations were credible, the VE testified that the claimant would not be able to perform any of the sedentary or light exertion jobs identified. Tr. 70. In addition, when asked if missing two days of work would preclude sustained employment, the VE responded yes. Tr. 70.

## STANDARD OF REVIEW

The court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Secretary determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two, the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; *see* 20 C.F.R. §§ 404.1520©, 416.920©. If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

In step three, the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Secretary determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Secretary. *Yuckert*, 482 U.S. at 141. In step five, the Secretary must establish that the claimant can perform other work. *Id.* at 142; *see* 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

I. The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 12, Finding 1. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease, obesity, a mood disorder, anxiety, and a history of drug and alcohol abuse. Tr. 12, Finding 2. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 12-13, Finding 3. These findings are not in dispute.

Because plaintiff did not establish disability at step three, the ALJ continued the evaluation

process to determine how plaintiff's medical impairments affected his ability to work. The ALJ resolved that plaintiff had the RFC to: lift 20 pounds occasionally; stand and walk for a short time and for at least four out of an eight-hour day; sit six out of an eight-hour day; perform frequent light, gross, and fine manipulation; and should use a walking stick or similar device on rough, uneven ground or slopes. Tr. 13, Finding 4. Plaintiff was limited to work that did not involve concentrated exposure to hazards. Tr. 17. In addition, plaintiff was restricted to work that involved simple, repetitive tasks involving minimal social interaction and little variance. Tr. 13, Finding 4. Plaintiff disputes his RFC assessment.

At step four, the ALJ decided that plaintiff was unable to perform his past relevant work. Tr. 17, Finding 5. This finding is not in dispute. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national and local economy that plaintiff could perform. Tr. 17, Finding 9. This finding is in dispute. Based on these findings, the ALJ determined that plaintiff was not disabled within the meaning of the Act and, accordingly, was not entitled to Social Security benefits. Tr. 18.

## II. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ erred in two ways: first, by finding plaintiff's testimony regarding his impairments not credible; and second, by rejecting, without discussion, the opinion of non-examining physician, Dr. Dorothy Anderson. *See* Pl.'s Br. 1.

### A. Credibility of Plaintiff's Testimony

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting his testimony regarding the extent of his impairments. *See* Pl.'s Br. 3-4. Specifically, plaintiff argues that it was legal error for the ALJ to discredit plaintiff's testimony based on a pre-determined

Page 5 - FINDINGS AND RECOMMENDATION

formulation of his RFC, asserting that "a claimant's statements are to be used, along with other evidence, to determine the RFC; the RFC may not be used to define the claimant's credibility." *Id.* at 3. In addition, plaintiff contends in his reply brief[1] that the ALJ erred by failing to "'specifically identif[y] the testimony' she found not credible." Pl.'s Reply Br. 2-3. Due to this clear legal error, plaintiff asserts that the ALJ's decision should be reversed and this case remanded for further proceedings. *Id.* at 4; *see also* Pl.'s Br. 4.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ may reject [his] testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (internal quotation omitted). A general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). As such, the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). If, however, the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Here, the ALJ determined that plaintiff's medically determinable impairments could

---

[1] It should be noted that, as a general principle, the court need not consider arguments first raised in a reply brief. *See In re Rains*, 428 F.3d 893, 902 (9th Cir. 2000) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n. 4 (9th Cir.2000) ("issues cannot be raised for the first time in a reply brief")).

Page 6 - FINDINGS AND RECOMMENDATION

reasonably be expected to produce some degree of symptoms, but that his statements regarding the extent of these symptoms "are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." Tr. 14. It is undisputed that the ALJ may not use the RFC assessment to discredit a claimant's testimony. *See* Pl.'s Br. 3, Def.'s Resp. Br. 6-7; *see also Glover v. Astrue*, 2011 WL 1230045, *4 (D.Or. March 10, 2011), *adopted by*, 2011 WL 1212233 (D.Or. Mar 30, 2011); *Tilton v. Astrue*, 2011 WL 4381745, *11-12 & n.5. As such, the ALJ's finding that plaintiff is not credible based on his RFC should not be sustained.

If that was the only reason that the ALJ had provided for finding plaintiff's testimony not credible, plaintiff would be entitled to the relief he seeks. However, after concluding that plaintiff's testimony was not credible to the extent inconsistent with the RFC, the ALJ proceeded to list four additional reasons why plaintiff's testimony was rejected: his conservative and minimal treatment record for both physical and psychological impairments; his prescription drug-seeking behavior; his lack of truthfulness regarding his methamphetamine abuse; and his activities of daily living. Tr. 14-16.

Notably, the ALJ found that plaintiff's testimony regarding his daily activities suggest a level of functioning greater than what was alleged. Tr. 15-16. Inconsistencies in a claimant's testimony, including those between daily activities and the alleged symptoms, can serve as a basis for discrediting it. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (inconsistencies can be used to discredit a claimant's testimony); *Smolen v. Chater*, 80 F.3d 1273, 1284 & n.7 (9th Cir. 1996) ("[w]ith respect to the claimant's daily activities, the ALJ may reject a claimant's symptom testimony if the claimant is able to spend a substantial part of her day performing household chores or other activities that are transferable to a work setting").

Page 7 - FINDINGS AND RECOMMENDATION

Plaintiff testified he dresses and grooms himself daily and is able to complete household chores such as cooking, cleaning, washing dishes, laundry, vacuuming, and grocery shopping. Tr. 59-60. In addition, plaintiff testified that he uses public transportation daily, plays cards about once a week with friends, uses the computer at the library, attends several weekly meetings, went fishing twice last year with his brother, and has looked for work. Tr. 15-16, 59-61. Further, in November of 2007, plaintiff told his physician that he thought that he could work ten hours a day with no heavy lifting. Tr. 15, 421. At the hearing, plaintiff testified that he still thinks that he could do such work but would need a job without frequent social interaction or frequent supervision. Tr. 15, 48.

The ALJ found that this evidence directly contradicted plaintiff's contentions about how debilitating his pain and other limitations were. Tr. 14. Accordingly, the ALJ determined that these non-work activities reveal an ability to perform "simple tasks with minimal social interaction." Tr. 16. Thus, because plaintiff's level of activity is inconsistent with the degree of impairment that he alleges, the ALJ found plaintiff's testimony about the severity of his limitations not credible. Tr. 14-16.

Moreover, the ALJ found that plaintiff's testimony lacked credibility due to his drug-seeking behavior. Evidence of drug-seeking behavior can serve as a basis for discrediting a claimant's testimony. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Here, the ALJ discussed in great detail which testimony she found not credible and why. For example, the ALJ noted that plaintiff requested additional Vicodin "because he would be out of town [for two months] . . . Although he testified that he never took this trip, it is noted that he used these travel plans as a reason to obtain an early refill of Vicodin." Tr. 15. In addition, the ALJ discussed how claimant requested Vicodin so that "he could exercise more without pain," telling his health care provider that

"took 'two mile walks'" every day. Tr. 15. The ALJ went on to note that at the hearing, however, claimant "testified that he does not walk two miles but might have told his doctor this to sound good." Tr. 15. Based on these instances, the ALJ concluded that plaintiff had been less than candid regarding his prescription drug use and, thus, "it is difficult to determine what claimant's activities and symptoms have been." Tr. 15.

Thus, despite plaintiff's contentions to the contrary, the foregoing discussion reveals that the ALJ did, in fact, identify ample specific evidence in the record that undermines plaintiff's claims that his impairments were so great that he was unable to work. Therefore, I find that the ALJ provided at least two clear and convincing reasons to reject plaintiff's subjective testimony regarding the extent of his limitations, and as such, it is unnecessary for this Court to further discuss the other reasons provided. Therefore, even though it was legal error for the ALJ to use plaintiff's RFC to discredit his testimony, I find that such an error is harmless since additional, valid reasons support the ultimate credibility determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) ("[s]o long as there remains 'substantial evidence supporting the ALJ's conclusions on ... credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal," (citations and internal quotations omitted)).

B. The Opinion of Dr. Anderson

Plaintiff also argues that the ALJ erred by failing to address the opinion of non-examining physician, Dorothy Anderson, M.D. Pl.'s Br. 4. Plaintiff asserts, for the first time in his reply brief, that the ALJ committed an additional error because her "question to the VE did not include [p]laintiff's limitations in work pace." Pl. Reply Br. 7.

Page 9 - FINDINGS AND RECOMMENDATION

There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Of the three types of medical opinions, those of non-examining physicians are afforded the least amount of weight. *Id.* (citations omitted). As such, the opinion of a non-examining physician "cannot by itself constitute substantial evidence." *Id.* at 831. Accordingly, unlike with treating or examining physicians, the ALJ need only "reference . . . specific evidence in the medical record" in order to reject the opinion of a non-examining physician. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir.), *cert. denied*, 519 U.S. 881 (1996) and *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).

Here, Dr. Anderson, in reviewing plaintiff's file for the State Disability Determination Services, found that plaintiff has "moderate" difficulties with "concentration, persistence or pace." Tr. 377. Without referencing the opinion of Dr. Anderson, the ALJ determined that plaintiff's impairments with respect to concentration, persistence or pace were only "mild." Tr. 13.

The Commissioner concedes that it was legal error for the ALJ to fail to provide any reasons to reject Dr. Anderson's opinion. *See* Def.'s Resp. Br. 8. The Commissioner, however, argues that "any error was harmless because the ALJ's ultimate decision remained supported." *Id.*

The burden of establishing "that an error is harmful falls on the party attacking an administrative agency's decision." *Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009) (citations omitted). Recently, the Ninth Circuit held that *Sanders* applies to Social Security cases, explaining, "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (as amended). Here, plaintiff neglected to address how the ALJ's error in assessing Dr. Anderson's

Page 10 - FINDINGS AND RECOMMENDATION

opinion was harmful and it is not apparent to this Court. *See generally* Pl.'s Br. Without more, plaintiff cannot establish that this case should be remanded for further proceedings.

Regardless, even if Dr. Anderson's opinion were fully credited, plaintiff would still not be entitled to Social Security benefits. Dr. Anderson's assessment, a Psychiatric Review Technique, only affected steps two and three of the five-step sequential process. SSR 96-8p, *available at* 1996 WL 374184, *4 (July 2, 1996); *see also* 20 C.F.R. § 416.920a(d). In order to establish disability at step three, a claimant must have at least two "marked" limitations. *See* 20 C.F. R. pt. 404, Subpt. P, App.1, § 12.00(A); *see also* Tr. 12-3 (discussing disability criteria under the listings).

Here, since the ALJ found severe impairments, plaintiff's disability determination was not affected by the ALJ's failure to consider Dr. Anderson's opinion at step two. Tr. 12, Finding 2. Further, in regard to step three, Dr. Anderson opined that plaintiff had no "marked" limitations; rather, plaintiff's difficulties regarding concentration, persistence or pace were "moderate." Tr. 377. Thus, even fully crediting Dr. Anderson's opinion, plaintiff's psychological impairments would still not have met or equaled "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. Accordingly, Dr. Anderson's opinion does not alter the disability determinations at step two or three. Therefore, I find that the error was harmless. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are harmless error).

Finally, I find that the RFC sufficiently accounts for plaintiff's difficulties regarding concentration, persistence or pace and, thus, should be sustained. In assessing the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe.

SSR 96-8p. The ALJ is required to consider all medical opinions and assess the weight to be afforded each opinion. 20 C.F.R §§ 404.1527, 416.927. Nevertheless, the RFC need only incorporate limitations found on the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (restrictions not supported by substantial evidence may be freely accepted or rejected by ALJ). As such, the ALJ can only "propose a hypothetical [to the VE] that is based on medical assumptions supported by substantial evidence in the record." *Id.* at 1163-64 (citing *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995)).

As discussed above, it was legal error for the ALJ to fail to address the opinion of Dr. Anderson at steps two and three. However, because the opinion of a non-examining physician "cannot by itself constitute substantial evidence," Dr. Anderson's assessment, alone, does not establish "moderate" limitations in concentration, persistence, or pace. *Lester*, 81 F.3d at 831. Plaintiff has not cited to, and this Court is not aware of, any other evidence in the record which indicates that he suffers from more than "mild" limitations in concentration, persistence or pace. Because there is not substantial evidence in the record of such "moderate" limitations, the ALJ was free to reject Dr. Anderson's restrictions when developing the RFC, which is precisely what occurred in this case. As such, the ALJ did not err in failing to include the alleged impairments relating to pace in the hypothetical question posed to the VE. *Id.*; *see also Osenbrock*, 240 F.3d at 1163-5.

Thus, I find that the ALJ adequately considered and accounted for the limitations imposed by all of claimant's impairments, even those that are not severe. Therefore, while it was legal error for the ALJ to reject the opinion of Dr. Anderson, I find that the error was harmless as it was both non-prejudicial to plaintiff and irrelevant to the ALJ's ultimate disability conclusion.

Page 12 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the foregoing, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 19, 2011. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 2nd day of December, 2011.

    /s/ Patricia Sullivan
    Patricia Sullivan
    United States Magistrate Judge